```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

```
CODY HESSLER, et al.,            *
                                 *
     Plaintiffs,                 *
                                 *
vs.                              *  CIVIL ACTION NO. 23-00296-TFM-B
                                 *
ALLSTATE VEHICLE AND PROPERTY    *
INS. CO., et al.,                *
                                 *
     Defendants.                 *
```

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs Cody and Jessica Hessler's Motion to Remand (Doc. 12); Defendant Allstate Vehicle and Property Insurance Company's Amended Notice of Removal (Doc. 23); Plaintiffs' Response to the Amended Notice of Removal and Motion to Strike (Doc. 25); and Plaintiffs Supplement to the Motion to Remand (Doc. 26). The motion to remand, which has been fully briefed, has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Having considered all matters presented, the undersigned **recommends** the motion to remand and the supplement to the motion to remand (Docs. 12, 26) be **GRANTED** and the motion to strike (Doc. 25) be **DENIED** as **moot**.

I. **BACKGROUND**

This action arises from an insurance claim initiated by Plaintiffs Cody and Jessica Hessler (the "Hesslers") following a

tornado that damaged their home and personal property on or around January 12, 2023.  (Doc. 1).  On February 23, 2023, Plaintiffs commenced a breach of contract action in the Circuit Court of Dallas County, Alabama against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and fictious parties. (Doc. 1-2). Later, on July 9, 2023, Plaintiffs filed an amended complaint which added Defendant Johnathan Waters, the Allstate insurance agent who allegedly sold them their homeowner's policy. (Doc. 1-3).  The amended complaint asserts claims against Waters and Allstate for fraudulent misrepresentation, fraudulent suppression, and negligence or wantonness.  (Id. at 1-4).

On August 3, 2023, Allstate removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3),[1] alleging diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for the Court's subject matter jurisdiction.  See 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ."); Baltin v. Alaron Trading

---

[1] "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

2

Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)").

Allstate asserted in its original notice of removal that Defendant Waters is a citizen of Dallas County, Alabama based on the allegations in the amended complaint. (See Doc. 1). Relying on the "forum defendant rule," Allstate also asserted that Waters' citizenship should be disregarded in the jurisdictional analysis *because he was not served with the amended complaint at the time of removal*. (Doc. 1 at 4); See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). According to Allstate, "[b]ecause Waters has not been served, his citizenship is disregarded in the jurisdictional analysis." (Doc. 1 at 4).

In an Order dated April 19, 2024, the undersigned directed Allstate to file an amended notice of removal curing the defective allegation regarding Waters' citizenship. (Doc. 21). The undersigned explained that the "properly joined and served"

3

provision of the "forum defendant rule" did not provide an exception to the rule of complete diversity of citizenship under § 1332(a).  See Walker v. Yearling, 2021 U.S. Dist. LEXIS 34639, at *6-*7, 2021 WL 1015845, at *3 (S.D. Ala. Feb. 23, 2021) ("the properly joined and served" provision of § 1441(b)(2) did not eradicate the requirement that complete diversity of citizenship must be present before diversity jurisdiction can attach), report and recommendation adopted, 2021 U.S. Dist. LEXIS 48764, 2021 WL 982637 (S.D. Ala. Mar. 16, 2021); see also Lee v. Loomis Armored US, LLC, 2023 U.S. Dist. LEXIS 116760, at *10, 2023 WL 4409842, at *4 (M.D. Ala. July 7, 2023) ("That an unserved defendant's citizenship must be considered in an analysis of diversity jurisdiction is well settled.").

In response, Allstate argued for the first time that Defendant Waters had been fraudulently joined as a defendant; therefore, his Alabama citizenship should be disregarded.  (See Doc. 23).  The court directed the Hesslers to supplement their motion to remand and respond to Allstate's amended notice of removal.  (Doc. 24).  Contemporaneous with filing their supplement, the Hesslers also filed a motion to strike Allstate's amended notice of removal as untimely.  (Docs. 25, 26).

In their motion to strike and their supplement, the Hesslers argue that Allstate is prohibited from filing an amended notice of removal that raises the new ground of fraudulent joinder.  (See

4

id.).  In a response in opposition, Allstate asserts that its amended removal notice was timely filed pursuant to the Court's order.  (Doc. 27 at 4).  Allstate also contends that the amended removal notice does not raise a "new" ground of subject matter jurisdiction; rather, it reiterates that Waters' citizenship should be disregarded, thus resulting in the Court having diversity jurisdiction.  (Id. at 3).  The motions are fully briefed and ripe for resolution.

## II. LEGAL STANDARDS

"A removing defendant bears the burden of proving proper federal jurisdiction."  Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citation omitted).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  Id. (citation omitted).

When a party invokes federal diversity jurisdiction under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship, and (2) an amount in controversy greater than $75,000.00.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  For complete diversity of citizenship to be present, "every plaintiff must be diverse

from every defendant." <u>Triggs v. John Crump Toyota</u>, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder' . . . and a federal court may appropriately assert its removal diversity jurisdiction over the case." <u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006) (internal citation omitted).

### III. DISCUSSION

As noted *supra*, the Court afforded Allstate the opportunity to file an amended notice of removal pertaining to the citizenship of Defendant Waters. In response to the Court's Order, Allstate argues for the first time that Defendant Waters has been fraudulently joined and therefore his citizenship should be disregarded, thereby resulting in complete diversity between the Hesslers and Allstate. (<u>See</u> Doc. 23). The Hesslers oppose Allstate's amendment and contend that it is untimely under the removal statutes. (Doc. 26 at 4-5). As such, the Hesslers maintain that this action should be remanded to state court because the Court does not have diversity jurisdiction.

Ordinarily, a notice of removal must be filed within thirty days after the defendant has received "a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A defendant may freely amend the notice of removal within the thirty-day period of § 1446(b). After the expiration of thirty days, however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.[2] Beyond this initial thirty-day period, it is generally held that amendments are permitted only to fix "technical defects" in the jurisdictional allegations, not to submit wholly new grounds for removal jurisdiction. Fuller v. Exxon Corp., 131 F. Supp. 2d 1323, 1328 (S.D. Ala. 2001); see also Ala. Mun. Workers Comp. Fund, Inc. v. P.R. Diamond Products, Inc., 234 F. Supp. 3d 1165, 1169 (N.D. Ala. 2017) ("In determining whether to allow amendment under § 1653, courts distinguish between amendments that 'make[] only technical corrections or additions' and those that 'alleg[e] a new basis for federal jurisdiction that did not exist earlier.'") (citation omitted); Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014) ("[A]fter thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis.").

---

[2] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Indeed, case law generally indicates that "an amendment of the removal notice may seek to accomplish any of several objectives. It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal." 14C Fed. Prac. & Proc. Juris. § 3733 (footnotes omitted). "Therefore, the determinative issue becomes whether the jurisdictional allegations are missing or stated imperfectly. If the latter, then the jurisdictional defects may be cured; if the former, the cause must be remanded for lack of federal jurisdiction." Winters Gov't Sec. Corp. v. Nafi Emps. Credit Union, 449 F. Supp. 239, 243 (S.D. Fla. 1978). Thus, in this case, the issue before the Court is whether the submission of Allstate's fraudulent joinder argument in the amended notice of removal is permissible.

Most courts having considered the issue have held "where removal jurisdiction is based solely on diversity of citizenship under § 1332(a), fraudulent joinder is a substantive ground that must be pled in the notice of removal, or at least implicitly raised, within § 1446(b)'s 30-day window."[3] Bracknell v. Int'l

---

[3] See DaSilva v. Germany, 514 F. Supp. 3d 393, 399 (D. Mass. 2021) ("[Defendant] neglected to raise its fraudulent joinder argument

8

Paper Co., 2022 U.S. Dist. LEXIS 70670, at *22, 2022 WL 1548123, at *8 (S.D. Ala. Apr. 18, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 87499, 2022 WL 1546625 (S.D. Ala. May 16, 2022).  The undersigned concurs with the weight of authority and the reasoning set forth in Bracknell.

Bracknell involves an analogous situation.  There, the removing defendants relied on the same proposition Allstate advanced in its original notice of removal, namely that pursuant to 28 U.S.C. § 1441(b)(2), the Alabama citizenship of one of the defendants could be disregarded due to lack of service at the time of removal.  Bracknell, 2022 U.S. Dist. LEXIS 70670, at *3, 2022 WL 1548123, at *1.  The Court, noting it had previously rejected a similar argument, ordered the removing defendants to show cause why the case should not be remanded *sua sponte* for lack of subject matter jurisdiction.  Id., 2022 U.S. Dist. LEXIS 70670, at *3,

---

in its notice of removal . . . . Its failure to do so waives fraudulent joinder as a 'substantial and material basis for subject matter jurisdiction."); Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 826 (E.D. Va. 2008) ("[Defendant] did not raise th[e fraudulent joinder] issue until its response to plaintiff's motion to remand, well beyond the thirty-day time limit for removal.  See 28 U.S.C. § 1446(b).  [Defendant]'s failure to properly and timely raise this ground cannot be viewed as a mere technical defect or imperfection."); Tincher v. Ins. Co. of Pennsylvania, 268 F. Supp. 2d 666, 668 (E.D. Va. 2003) ("[A] failure [to raise fraudulent joinder within thirty-day time limit] cannot be seen as a mere technical defect."); Alvey v. Sears, Roebuck & Co., 162 F. Supp. 786, 787 (W.D. Mo. 1958) (finding fraudulent joinder as a new ground for removal is "not within the purview of Section 1653").

9

2022 WL 1548123, at *2. Thereafter, the removing defendants requested leave to amend outside the 30-day window, to assert that the non-diverse defendant had been fraudulently joined. Id. After detailing a review of the pertinent case law, the Court found that "fraudulent joinder is a substantive ground for removal that cannot be first raised by amendment under § 1653 after the 30-day window to freely amend a notice of removal expires." Bracknell, 2022 U.S. Dist. LEXIS 70670, at *27, 2022 WL 1548123, at *10.

Like the court in Bracknell, the undersigned finds that the failure to assert fraudulent joinder in Allstate's original notice of removal is not merely a technical defect subject to amendment under § 1653. Rather, Allstate's omission was based on a mistaken interpretation of the law. "As some courts have observed, 'the rationale for permitting amendment under § 1653 to correct allegations of jurisdictional facts is that in determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings for omitted jurisdictional facts." Bracknell, 2022 U.S. Dist. LEXIS 70670, at *27, 2022 WL 1548123, at *10 (brackets and internal quotation marks omitted) (quoting ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000)). "'Where the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential

10

to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect.'" Id. (quoting N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc., 676 F.2d 270, 274 (7th Cir. 1982)). However, "if fraudulent joinder is not asserted in the notice of removal, it is difficult to see how a court is expected to 'scrutinize the record of the state court proceedings' to determine whether such an assertion is an omitted jurisdictional fact, at least absent some indication the issue was implicitly or functionally raised prior to removal, or that a non-diverse defendant's improper joinder is indisputably obvious[.]" Bracknell, 2022 U.S. Dist. LEXIS 70670, at *29-*30, 2022 WL 1548123 at *10.

### III. CONCLUSION

In light of the foregoing, the undersigned finds that Allstate's submission of fraudulent joinder as a basis for this Court retaining diversity jurisdiction was not timely raised. Accordingly, the undersigned **recommends** the Hesslers' motion to remand and supplement to the motion to remand (Docs. 12, 26) be **granted**, that their motion to strike (Doc. 25) be **denied** as **moot**, and that this action be remanded back to the Circuit Court of Dallas County, Alabama pursuant to 28 U.S.C. § 1447(c).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **June, 2024.**

<u>    /s/ SONJA F. BIVINS    </u><br>
**UNITED STATES MAGISTRATE JUDGE**