IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CODY HESSLER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 2:23-cv-296-TFM-B |
| | ) |
| ALLSTATE VEHICLE AND | ) |
| PROPERTY INSURANCE COMPANY, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 6, 2024, the Magistrate Judge entered a Report and Recommendation which recommends this case be remanded back to the Circuit Court of Dallas County, Alabama. *See* Doc. 28. Defendant timely filed objections to the recommendation (Doc. 29) and Plaintiff timely replied (Doc. 32). The issues are ripe for review.

**I.   PROCEDURAL BACKGROUND**

Plaintiffs Cody and Jessica Hessler ("Plaintiffs" or "the Hesslers") initiated an insurance claim with Defendant Allstate Vehicle and Property Insurance Company ("Allstate") after a tornado damaged their home and personal property on or about January 12, 2023. Doc. 1-1. Allstate then determined the loss was covered, but only agreed to pay the Hesslers approximately $50,000.00 and denied the remaining claim. Therefore, on February 23, 2023, the Hesslers filed their complaint against Allstate and Fictitious Defendants in the Circuit Court of Dallas County. *Id*. On March 27, 2023, according to the state court docket sheet,[1] Allstate filed an answer on

---

[1] The Court can take judicial notice of Plaintiffs' state court records. *See Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a

March 27, 2023 and began to actively litigate the case. On July 9, 2023, Plaintiffs filed an amended complaint which added Jonathan Waters as a Defendant and several claims. Doc. 1-3. On July 19, 2023, Allstate filed its answer to the amended complaint. Doc. 1-4.

On August 3, 2023, Allstate removed this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Doc. 1. As part of its assertion, Allstate argued that Defendant Jonathan Waters – an Alabama resident – had not yet been served and therefore his citizenship could be disregarded for jurisdictional purposes. *Id*. at 4. Additionally, it asserted that the removal is timely because it had just learned that the amount in controversy was over the jurisdictional threshold when it received the report from Butler Construction LLC which constituted "other paper" under the removal statute. *Id*. at 2, 5.

On September 1, 2023, Plaintiffs timely filed their motion to remand. Doc. 12. Plaintiffs argue removal was improper as it was untimely because Allstate was previously on notice that the amount in dispute likely exceeded $75,000.00. The motion to remand did not address the citizenship of the forum defendant. After the motion to remand was filed, in addition to its response in opposition, Allstate submitted a supplement to the notice of removal. *See* Doc. 17. In the supplement, Allstate includes an affidavit which indicates that despite Plaintiffs' assertion that they uploaded the $94,187 Anchor estimate on February 13, 2023, that Allstate never received it and received it after the case was removed. *Id*. Plaintiffs then filed their reply submitting their own evidence in the form of an affidavit and screen capture from the Allstate portal arguing that the Anchor estimate was submitted in February 2023 and therefore removal was untimely.

On April 19, 2024, the Magistrate Judge entered an order stating the following:

---

state court proceeding); *see also Odion v. Google, Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (per curiam) (noting that district court could have taken judicial notice of state court records). The Court further notes that the state court file is attached to the Notice of Removal. *See* Doc. 1-7.

> Plaintiff's operative amended complaint asserts claims against Allstate and insurance agent Defendant Johnathan Waters. In its Notice of Removal, Allstate asserts that the amended complaint alleges that Waters is a citizen of Dallas County, Alabama; however, because Waters was not served with the amended complaint at the time of removal; therefore, "his citizenship is disregarded in the jurisdictional analysis." (Doc. 1 at 4).
>
> Section 1441(b)(2), containing what is known as the "forum defendant rule," states that a "civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, the "forum defendant rule" does not provide an exception to the rule that "every plaintiff must be diverse from every defendant" for there to be jurisdiction under § 1332(a). Triggs [v. John Crump Toyota, Inc., 154 F.3d [1284], 1287 [(11th Cir. 1998)]; Walker v. Yearling, 2021 U.S. Dist. LEXIS 34639, at *6-*7, 2021 WL 1015845, at *3-*4 (S.D. Ala. Feb. 23, 2021) ("the properly joined and served" provision of § 1441(b)(2) did not eradicate the requirement that complete diversity of citizenship must be present before diversity jurisdiction can attach), report and recommendation adopted, 2021 U.S. Dist. LEXIS 48764, 2021 WL 982637 (S.D. Ala. Mar. 16, 2021); see also Lee v. Loomis Armored US, LLC, 2023 U.S. Dist. LEXIS 116760, at *10, 2023 WL 4409842, at *4 (M.D. Ala. July 7, 2023) ("That an unserved defendant's citizenship must be considered in an analysis of diversity jurisdiction is well settled."). Rather, by its terms, § 1441(b)(2) only provides an exception to removability in cases that are "otherwise" removable based solely on diversity jurisdiction – i.e., where all other requisites for diversity jurisdiction are satisfied, including complete diversity. Therefore, even if Defendant Waters has not been "joined and served as a defendant" for purposes of § 1441(b)(2), his citizenship is still relevant to determining whether the complete diversity required by § 1332(a) exists.

Doc. 21 at 3-4.  Based on that analysis, the Magistrate Judge ordered Allstate to file an amended Notice of Removal correcting the deficiency.  *Id*. at 5.  In a footnote, the Magistrate Judge stated that this was a defect in citizenship which omission may be cured.  *Id*. at 5, n. 1.

In response to the Court's order, Allstate filed an amended notice of removal and for the argued fraudulent joinder of Defendant Jonathan Waters and that his citizenship should be disregarded.  Doc. 23.[2]  Consequently, the Magistrate Judge authorized the Plaintiffs to supplement

---

[2] An erroneous one-page amended notice of removal was filed (Doc. 22), but mere minutes later the corrected one was filed which was presumably the correct one as it was twenty-one (21) pages long.  *See* Doc. 23.

their motion to remand and respond to the amended notice of removal. In addition to the supplement on the motion to remand, Plaintiffs also filed a motion to strike Allstate's amended notice of removal as untimely. *See* Docs. 25, 26. Plaintiffs argue that in its original notice of removal Allstate only argued the resident citizenry status of Defendant Water should be disregard because he had not yet been served. Now, Allstate attempts to add an addition ground (fraudulent joinder) in its amended notice of removal and it therefore untimely. On May 17, 2024, Allstate filed its response to the motion to strike and supplemental motion to remand. Doc. 27. Allstate argues that it is not new grounds, but instead simply a continuation of its original notice on diversity jurisdiction.

On June 6, 2024, the Magistrate Judge issued her report and recommendation recommending that the motion to remand be granted and the motion to strike be denied as moot. *See* Doc. 28. The basis for her recommendation is that the "fraudulent joinder" argument was a wholly new basis in the amended notice of removal and therefore the original notice of removal was defective on establishing jurisdiction because there was not complete diversity. *Id*. Allstate filed objections to the recommendation. Doc. 29. Allstate argues the Magistrate Judge was incorrect in that Defendant Waters was not served at the time of removal (and still had not been served as of the date of objections) and therefore, his citizenship should have been disregarded. Allstate also argues concurrently with a motion to dismiss pursuant to Rule 4(m) (Doc. 30) that because Waters still has not been served, that he should be dismissed and therefore there is diversity.

## II.   DISCUSSION AND ANALYSIS

What a twisted web we weave on the procedural history of this case. Here is what the Court finds clear: (1) The "forum defendant rule" exception argued by Allstate is inapplicable

here, (2) fraudulent Joinder was not raised (even implicitly) in the original notice of removal, (3) Rule 4(m) dismissal for lack of service, and (4) though not addressed by the Report and Recommendation, the Court finds that with the competing affidavits and evidence before the Court that the timeliness of removal is also in question. The Court will address each in more detail below.

A.   **"Forum Defendant Rule" and its inapplicability to this case**

Section 1441(b)(2) states that a "civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) ... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is commonly referred to as the "forum defendant rule." That said, the forum defendant rule does not provide an exception to the rule that every plaintiff must be diverse from every defendant for diversity jurisdiction to exist. Rather, it only provides a procedural removability exception for cases that are *otherwise* removable based upon diversity jurisdiction. Therefore, all other requirements must be satisfied – including complete diversity. Though Defendant Waters may not yet have been served, Allstate did not contest that he had nevertheless been joined as a party defendant when it removed the case. Therefore, Waters' citizenship must be considered and accounted for when determining whether complete diversity exists. Put simply, Plaintiffs are citizens of Alabama and Defendant Waters is a citizen of Alabama. Therefore, diversity does not exist. The Magistrate Judge clearly raised this in her April 19, 2024 order. Yet, despite this, Allstate persists in insisting the forum defendant rule allows the Court to disregard Waters' citizenship.

Allstate uses as an example the holding in *Logan v. McKinney Drilling, LLC*, Civ. Act. No, 1:20-cv-268-JB, 2021 U.S. Dist. LEXIS 19116, 2021 WL 354462 (S.D. Ala. Feb. 2, 2021)

(Beaverstock, J.). However, Allstate misinterprets the holding in *Logan* to say more than it does. As noted by another district judge in this same situation as presented here *Logan* makes no such holding that it abrogates the other requirements of diversity jurisdiction. *See Walker v. Yearling*, Civ. Act. No. 1:21-cv-46-KD, 2021 U.S. Dist. LEXIS 34639, *5-6, 2021 WL 1015845 (S.D. Ala. Feb. 23, 2021).

> In *Logan*, the district judge addressed whether so-called "snap removals" — in which a defendant removes a case before it is actually served with process — were permitted under § 1441(b)(2), answering that question in the affirmative. *See* 2021 U.S. Dist. LEXIS 19116, 2021 WL 354462, at *3-6. *Logan* then went on to find that, because none of the forum defendants added by amended complaint had been served with process prior to removal, the "forum defendant rule" was not violated in that case. *See id.*, *6. Nowhere, however, did *Logan* purport to hold that the "forum defendant rule" displaced the requirement of complete diversity among the parties for diversity jurisdiction to attach. Rather, the judge in Logan noted that, under the "forum defendant rule," "until a forum defendant has been served under state law[,] a state court lawsuit is removable[,]" "*assuming a district court has subject matter jurisdiction*[,]" 2021 U.S. Dist. LEXIS 19116, 2021 WL 354462, at *6 (emphasis added) — thus recognizing that the Court must "otherwise" have subject-matter jurisdiction under § 1332 before the "forum defendant rule" even comes into play as an additional bar to removal. 28 U.S.C. § 1441(b)(2). Indeed, prior to addressing the "forum defendant rule," the *Logan* judge first assured himself that there was "complete diversity of citizenship between the Plaintiff and the Defendants[,]" and determined that "without question, this Court would have had original jurisdiction over this action based on the basic requirements of Section 1332." 2021 U.S. Dist. LEXIS 19116, 2021 WL 354462, at *2. And as the plaintiff in *Logan* was a citizen of Georgia (*see* 1:20-cv-00268 PageID.3), the presence of Alabama defendants in that case did not defeat the complete diversity required for § 1332(a) jurisdiction. Such is not the case here.

*Id*. at *5-7 (footnote omitted).  In the case at hand, it is clear that Plaintiffs are citizens of Alabama as is Defendant Waters.  The Forum Defendant Rule does not carve out some exception where a defendant can eliminate parties and manufacture diversity jurisdiction simply by simply removing an action before any non-diverse co-defendants are served.  To state otherwise flies in the face of the basic tenants of diversity jurisdiction.  Other courts have noted this same issue and held the same.  *See, e.g., In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam) ("By reading §§

1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity...[T]he complete-diversity requirement cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity." (quotation marks omitted)); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023) ("[S]nap removal cannot cure a lack of complete diversity. Remember that the forum-defendant rule only applies when the case is, in the words of the statute, 'otherwise removable,' meaning there is 'original jurisdiction.' 28 U.S.C. § 1441(a), (b)(2). It then adds a further limitation based on the citizenship of the defendant. It does not subtract the requirement that the parties be completely diverse. Indeed,...the forum-defendant rule is not jurisdictional at all. Violating it does not destroy jurisdiction. Complying with it cannot create jurisdiction either. Snap removal or not, an absence of complete diversity makes a federal forum unavailable." (citations omitted)); *Lukens v. Bison, Inc.*, Civ. Act. No. 5:23-cv-03882-JDA, 2024 U.S. Dist. LEXIS 44289, *8-9, 2024 WL 1109156, at *3 (D.S.C. Mar. 13, 2024) (citing list of cases holding same); *Talley v. Penske Truck Leasing Corp.*, Civ. Act. No. 23-22730, 2023 U.S. Dist. LEXIS 132311, *5 (S.D. Fla. July 28, 2023) (holding same and citing *Walker*).

Therefore, the Court finds that Allstate's attempt to disregard Defendant Waters' citizenship under the forum defendant rule fails. To hold otherwise would create a whole new "race to the federal courthouse" loophole in diversity jurisdiction which the Court finds defeats the plain language of the diversity requirements.

**B.     Fraudulent Joinder**

Next the Court turns to Allstate's attempt to link its fraudulent joinder assertion in its amended notice of removal to the original notice of removal. Here the Court agrees with the

Plaintiffs. Allstate did not assert fraudulent joinder in its original notice of removal and an attempt to do so many months later will not relate back to the original notice of removal. Simply emphasizing "properly joined and served" over and over does not change that conclusion. The sole arguments made in the original notice of removal related to the timeliness of the removal under "other paper" and the fact Waters had not been served. There is no reference to fraudulent joinder or anything that could be remotely construed as such by implication. In the 7-page notice of removal (excluding attachments), Allstate argues the removal is timely because it only became aware of the amount in controversy through "other paper" (i.e. the Butler Construction LLC estimate showing over $300,000.) which it received on July 26, 2023. *See* Doc. 1 at 2. With regard to the section on diversity (Doc. 1 at 3-5), there is no discussion on fraudulent joinder or even words to that effect. Rather, the header is even entitled "i. Complete diversity of citizenship exists as to Plaintiffs and all served defendants." *Id*. at 3. Then it cites to cases related to the forum defendant rule (which the Court already noted above plays no role when the case is missing complete diversity between plaintiffs and defendants). There is no argument that Waters' citizenship should be disregarded because he is improperly joined. Rather, the sole argument pertains to his lack of service. Indeed, any reference to "join" is in conjunction with the service requirement and not any citation to fraudulent joinder arguments.

      The Court agrees with the analysis of the Magistrate Judge that Allstate failed to assert fraudulent joinder in their original notice of removal and that is not a mere technical defect subject to amendment. "[A]n amendment of the removal notice may seek to accomplish any of several objectives. It may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount. In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even

if the court rejects the first-proferred basis of removal..." 14C Fed. Prac. & Proc. Juris. § 3733 (footnotes omitted). The circumstances presented here are virtually identical to the case presented in *Bracknell v. Int'l Paper Co.*, Civ. Act. No. 2:21-cv-448-KD, 2022 U.S. Dist. LEXIS 70670, 2022 WL 1548123 (S.D. Ala. Apr. 18, 2022), *report and recommendation adopted* 2022 U.S. Dist. LEXIS 87499, 2022 WL 1546625 (S.D. Ala. May 16, 2022). This was noted by the Magistrate Judge in the Report and Recommendation. Doc. 28 at 8-11. *Bracknell* concludes that fraudulent joinder is a substantive ground that must be pled in the notice of removal or at least implicitly raised in the initial 30-day window articulated within 28 U.S.C. § 1446(b). *Id.*, 2022 U.S. Dist. LEXIS 70670, *15-32, 2022 WL 1548123, *7-11. *Bracknell* also cites a plethora of cases that have held the same. The Court need not parrot the analysis of the Magistrate Judge or the *Bracknell* court here except to say the undersigned agrees and concurs with authorities holding that fraudulent joinder is a substantive ground for removal that cannot be first raised by amendment under § 1653after the 30-day window to freely amend a notice of removal expires.

Allstate spends a great deal of ink in its objection, but does not once reference that analysis, *Bracknell*, or any of the other law in that section of the Magistrate Judge's determination. Rather, Allstate blithely seems to pretend that analysis and its accompanying citations do not exist by relying on its original basis of the "forum defendant rule" and argues that implicitly asserts a fraudulent joinder theory as well. The Court disagrees and overrules the objection.

Plaintiffs motion the Court to strike the assertion of fraudulent joinder as untimely. *See* Doc. 25. While the Court agrees that it is untimely, it is unnecessary to strike it, and that motion (Doc. 25) will be denied as moot given that the Court will remand the case.

**C.    Rule 4(m) Lack of Service and Dismissal**

Allstate attempts one final "Hail Mary" pass in this case by filing concurrent with its

objections a motion to dismiss Waters pursuant to Rule 4(m).  Doc. 30.  However, this motion misses the critical point that jurisdiction is determined at the time of removal.  *See Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017) ("diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal") (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016)); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal")

The Court notes that Allstate argues in its objections and the motion that the addition of Waters to the case was "gamesmanship" by the Plaintiffs.  However, while "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" but that "behavior" is only taken into account as part of "the balance of factors" for determining whether remand is appropriate. There is no "categorical prohibition" on remanding in these circumstances "regardless of whether the plaintiff has attempted to manipulate the forum." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  However, in the case at hand, even if it was gamesmanship, it occurred prior to removal and does not defeat the analysis of the Magistrate Judge or the jurisdiction that existed when the case was removed.  Even if potentially fraudulently joined – which the Court declines to weigh in on substantively here – put simply, Allstate did not raise it until it was too late.  Therefore, the Court lacked jurisdiction at removal, and it will be for the state court to resolve the issue of dismissal of Defendant Waters for failure to serve under Alabama law. Therefore, that motion will return to the state court for resolution as it deems appropriate.

**D.**     **Timeliness of Removal**

In addition to the well-reasoned analysis of the Magistrate Judge on the forum defendant

rule and fraudulent joinder, the Court also returns to the original motion to remand on the timeliness of removal as the Court finds it is an additional basis to support remand based upon the timeliness of removal.

Plaintiffs, in their original motion to remand, assert that they submitted on February 13, 2023 a damage repair estimate for $94,187.00 ("Anchor estimate") and that after submitted it Branden Williams of Allstate said that they would not consider it because the repair estimate.  Doc. 12 at 5-6, Page.ID 159-160.  Therefore, Plaintiffs argue that Allstate was on notice more than 30-days before it removed this action to federal court and the removal was untimely.  *Id*. at 10-11.  As evidence in support of this argument, Plaintiffs submitted an affidavit from Cody Hessler which provides this timeline of events and provides additional exhibits that he indicates proves the submission.

In response, Allstate submits its own competing affidavit from William Smith and further argue that the submission of the Anchor estimate actually occurred after removal on August 12, 2023.  Doc. 18.  Therefore, they argue their first notice that the amount in controversy was over the jurisdictional threshold was when it received the Butler estimate of $300,000.00 on July 26, 2023.  *Id*. at 2-4, 9-18.

In reply, Plaintiffs submit an additional declaration from Cody Hessler which discusses that he accessed the Allstate Claims App Portal System to obtain proof that he did in fact submit the Anchor estimate in February 2023.  *See* Doc. 19.  He further asserts that Allstate informed him they would not consider the estimate because they assessed the damage pre-existed the tornado and closed the claim.  *Id*.

"The removing defendant's burden extends to demonstrating, when properly challenged, its compliance with the procedural requirements for removal." *Tucker v. Equifirst Corp.*, 57 F.

Supp. 3d 1347, 1349 (S.D. Ala. 2014) (citation omitted).  28 U.S.C. § 1446(b) lays out the requirements for removal.  It states:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)
>   (A) When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.
>   (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>   (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  Essentially, Plaintiffs argue that the case was removable at its inception because though the complaint and amended complaint did not articulate a specific amount for damages, Allstate was well aware that the amount in controversy exceeded $75,000 because of the Anchor estimate submitted on February 13, 2023 through the Allstate Claims Portal.  Allstate argues it did not receive the Anchor estimate.  Plaintiffs submit additional evidence showing that they did submit it.  Put simply, the Court has competing affidavits that debate whether Allstate was on notice at the inception of the lawsuit that the amount in controversy was in excess of $75,000.00.

Allstate argues that pre-suit demands do not affect the timeliness of the removal since the

complaint was silent as the damages amount. However, unlike many cases where defendants may not be on notice as to exactly what is being claimed, this is an insurance claim based upon a tornado in which a claim file exists. The only dispute is whether the Anchor estimate was received by Allstate. Plaintiff states the Anchor estimate was submitted on February 13, 2023 through the Allstate claims portal and Hessler swears in an affidavit that an agent of Allstate told him that the damages pre-dated the tornado and therefore the estimate would not be considered. As a result, the claim was closed with the smaller payment and Plaintiffs filed this lawsuit only ten (10) days later. Plaintiffs submit screen captures from the portal as additional evidence to support the Hessler declarations. Allstate contradicts that assertion saying that it never received the Anchor estimate and they have reviewed the file and it was not found.

It is not for the Court to determine which affidavit is correct. If Plaintiffs assertions are correct, then the Court agrees that the removal was untimely as the case could have been removed under § 1446(b)(1). Yet, if Allstate is correct, then removal would be timely under § 1446(b)(3) for "other paper." Faced with the conflicting evidence, it is not for the Court to choose "which affidavit/declaration" is correct.

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). "The burden of establishing federal jurisdiction falls on the party that is attempting to invoke the jurisdiction of the federal court." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). In this case, that burden falls upon Allstate as the removing party. Next, federal courts are directed to construe removal statutes strictly "[b]ecause removal

jurisdiction raises significant federalism concerns." *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id*. (citations omitted). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In the case at hand, the parties are at a stalemate as to what information Allstate knew and when. The competing affidavits essentially present a draw, and the Court must resolve the uncertainty in favor of remand because what is clear is that the Alabama state *definitely* has jurisdiction while federal court is questionable based upon the timelines of removal. As the burden falls squarely on Allstate to tip the scales by a preponderance of the evidence, the Court finds that it failed in that burden to show that removal was timely.

### III. CONCLUSION

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge (Doc. 28) is **ADOPTED** as the opinion of this Court with the above referenced additions and modifications. Accordingly, it is **ORDERED** that Plaintiffs' motion to remand and supplement to the motion to remand (Docs. 12, 26) are **GRANTED**, and Plaintiffs' motion to strike (Doc. 25) is **DENIED as moot**. This action is **REMANDED** to the Circuit Court of Dallas County, Alabama. The motion to dismiss (Doc. 30) remains pending for resolution by the state court.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 22nd day of August, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE